IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN
AND FOR LEON COUNTY, FLORIDA

BOB MCBEE,

    Plaintiff,

Case No. 12-CA- 726

vs.

BOARD OF TRUSTEES, FLORIDA
A & M UNIVERSITY,

    Defendant.

_____/

**RECEIVED**
MAR 29 2012
Office of the General Counsel
Florida A&M University

## Summons

CERTIFIED PROCESS SERVER # 052
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 3-29-12 TIME 1:15 pm

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**FLORIDA A & M UNIVERSITY BOARD OF TRUSTEES, a public body corporate
c/o Dr. James H. Ammons, Corporate Secretary of the Board of Trustees
Office of the President, Florida A & M University
400 Lee Hall
Tallahassee, FL 32307**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____3/8_____, 2012.

**BOB INZER, CLERK**
CLERK OF THE CIRCUIT COURT

By: _____
    Deputy Clerk

EXHIBIT A

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

BOB MCBEE,

    Plaintiff,

vs.

BOARD OF TRUSTEES, FLORIDA
A & M UNIVERSITY,

    Defendant.
_____/

CASE NO. 12-CA-726
FLA BAR NO. 0739685



## COMPLAINT

Plaintiff, BOB MCBEE, hereby sues Defendant, BOARD OF TRUSTEES, FLORIDA A & M UNIVERSITY, and says:

### NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §2000e et seq., Chapter 760, Florida Statutes, and 42 U.S.C. §1981.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, BOB MCBEE, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his race, white, and his age, over 40.

4. At all times pertinent hereto, Defendant, BOARD OF TRUSTEES, FLORIDA A & M UNIVERSITY, has been organized and existing under the laws of the State of Florida. At all

times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action, or such conditions have been waived, or there are no conditions precedent.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a white male, was denied employment with Defendant due to his race and age, as a less qualified younger African American male, Derrick Horne, was hired for the position of Athletic Director in August 1, 2010. Horne is approximately 18 years younger than Plaintiff

7. Plaintiff, in addition to serving at Defendant, has an outstanding and long history of accomplishments and experiences that made him the best qualified candidate for the Athletic Director position, including his work as Director of Athletics at the State University of New York at Cortland; as Director of Athletics and Associate Professor of Sociology/Criminal Justice at Midwestern State University; as Director of Athletics at Eastern Illinois University; as Director of Athletics and Associate Professor of Sport Administration at Robert Morris College; as Chairman and Associate Professor of Sport Management at Robert Morris College; as Director of Operations at the U.S. Olympic Festival; at North Carolina Amateur Sports, Inc.; as the Head Baseball Coach and Assistant Professor of Sociology at Elon College; and as the Women s Basketball Coach and Assistant Baseball Coach at the University of Southern Mississippi. He has also had experience in baseball minor league management and coaching. He holds a doctorate in Secondary Education and Sociology and a Master of Science degree in Secondary Education and Social Studies from the University of Southern Mississippi; a Master of Science degree in Education Administration from North Carolina A&T State University; and a Bachelor of Arts degree in History and Political Science

from Presbyterian College. He has also completed the Management Development Program at Harvard University. Horne has less depth and breadth of experience, and has fewer years of experience.

8. Plaintiff has retained the undersigned to represent Plaintiff's interests in this cause and is obligated to pay a fee for services. Defendant should be made to pay said fee under 42 U.S.C. §2000e et seq. and the Florida Civil Rights Act, Chapter 760, Florida Statutes.

## COUNT I

## RACE DISCRIMINATION

9. Paragraphs 1 through 8 are realleged and incorporated herein by reference.

10. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq., and Chapter 760 Florida Statutes.

11. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated non-black employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

12. Defendant is liable for the differential treatment of Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

13. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

14. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part,

3

to adverse employment action being taken against Plaintiff and/or his nonselection for the post described.

15. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

16. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## COUNT II

### AGE DISCRIMINATION

17. Paragraphs 1 though 8 are realleged and incorporated herein by reference.

18. This is an action against Defendant for discrimination based upon age brought under the Florida Civil Rights Act.

19. Plaintiff has been the victim of discrimination on the basis of Plaintiff's age in that Plaintiff was treated differently than similarly situated younger employees of Defendant. Specifically and by example, a younger less qualified person of another race was chosen to fill a position for which Plaintiff was better qualified.

20. Defendant is liable for the differential treatment of Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have

known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

21. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

22. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

23. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of the Florida Civil Rights Act.

24. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant all legal and equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 4 day of March, 2012.

Respectfully submitted,

Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

EEOC Form 61-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Robert McBee<br>7724 Manini Way<br>Diamondhead, MS 39525 | From: Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2011-01438 | David Hamilton,<br>Investigator | (813) 202-7950 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Georgia M. Marchbanks,
Director

DEC 0.7 2011
(Date Mailed)

Enclosures(s)

c:  Nellie Woodruff
    Human Resources Director
    FLORIDA A&M UNIVERSITY
    1835 Wahnish Way
    Tallahassee, FL 32310

    Marie A. Matox
    MARIE A MATTOX P.A.
    310 E Bradford Rd
    Tallahassee, FL 32303